# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NOS. 5:16-cr-18 |
| | ) | 5:18-cv-2200 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| STUART J. BOYKIN, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the motion of defendant Stuart J. Boykin ("Boykin") to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 31 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 34 ["Opp'n"]), and Boykin has filed a reply. (Doc. No. 35 ["Reply"].) In support of his motion, Boykin has filed an affidavit. (Doc. No. 31-1 ["Aff."].) For the reasons that follow, Boykin's motion is DENIED.

## I. BACKGROUND

On January 27, 2016, a superseding indictment was returned charging Boykin with:

(1)     possession with intent to distribute Fentanyl and Heroin (Count 1), in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C);

(2)     being a felon in possession of firearms and ammunition (Count 2), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); and

(3)     carrying a firearm during a drug trafficking crime (Count 3), in violation of 18 U.S.C. § 924(c)(1)(A). (Doc. No. 14 (Superseding Indictment).)

At a hearing on March 11, 2016, Boykin entered a plea of guilty to all three counts. Count 3 carries a mandatory minimum term of custody of 5 years that must be served consecutive to the sentence for the other counts of conviction. On June 14, 2016, the Court sentenced Boykin to a term of imprisonment of 48 months as to Counts 1 and 2, to be served concurrently, and 60 months on Count 3, to be served consecutively with Counts 1 and 2, for an aggregate custody term of 108 months; three years of supervised release; and a special assessment of $300.00. (Doc. No. 21 (Judgment).)

Boykin took a direct appeal from the Court's judgment, challenging the Court's decision to deny an additional one-level reduction under U.S.S.G. § 3E1.1(b), following the government's election not to move for the additional level. In a decision dated February 14, 2017, the United States Court of Appeals for the Sixth Circuit affirmed the Court's judgment, rejecting Boykin's argument that the Court's decision not to apply the additional one-level reduction rendered his sentence procedurally and substantively unreasonable. (Doc. No. 27.) The Sixth Circuit's mandate issued on March 8, 2017. (Doc. No. 28.) On July 14, 2017, Boykin petitioned the United States Supreme Court for a writ of certiorari. (*See* Doc. No. 29.) Certiorari review was denied on November 7, 2017. (Doc. No. 30.) The present motion timely followed on September 25, 2018.

In his § 2255 motion, Boykin presents two grounds for relief. He claims he received ineffective assistance from his trial counsel and further claims that his sentence under 18 U.S.C. § 924(c) violates the Due Process Clause of the Fifth Amendment. Related to the latter, he cites the Supreme Court decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204, 200 L. Ed. 2d 549 (2018) and *Dean v. United States*, 137 S. Ct. 1170, 197 L. Ed. 2d 490 (2017). He requests that the Court

2

grant his motion, vacate his § 924(c) conviction, and "resentence him accordingly." (Mot. at 211.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (2003)). A court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255.

*Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a defendant challenges the validity of a plea, the representations of the defendant, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion ... he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing

4

hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record or, as a matter of law, the record conclusively establishes that he is entitled to no relief. *See Valentine*, 488 F.3d at 333 (no evidentiary hearing required where "record conclusively shows that the petitioner is entitled to no relief") (quoting *Arredondo*, 178 F.3d at 782); *Ross v. United States*, 339 F.3d 483, 490 (6th Cir. 2003) (quoting *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995)).

### III. DISCUSSION

#### A.    18 U.S.C. § 924(c)

Boykin challenges his § 924(c) conviction in light of *Dimaya*, which held unconstitutional the so-called residual clause of 18 U.S.C. § 16(b). *Dimaya* addressed the definition of the phrase "crime of violence" and is part of the progeny of cases beginning with *Johnson v. United States*, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015). Prior to *Johnson*, for some offenses, the residual clause of the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), acted to adjust a defendant's sentence from a 10-year to a 15-year minimum with a maximum of life imprisonment. *Johnson* invalidated the residual clause of ACCA, ultimately holding that the provision was unconstitutionally vague under the void-for-vagueness doctrine. *Id*. at 2561–63.

In *Dimaya*, the Supreme Court revisited *Johnson* in the immigration context, evaluating the catch-all clause in the definition of "crime of violence" under 18 U.S.C. § 16(b). Citing the

same vagueness concerns employed to invalidate ACCA's residual clause, the Supreme Court rejected § 16(b), a provision using the same language and establishing a defendant's eligibility for deportation. 138 S. Ct. at 1223 (citing *Johnson*, 135 S. Ct. at 2558). In invalidating § 16(b), the Supreme Court explained that the provision "produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id*. (quoting *Johnson*, 135 S. Ct. at 2558).

Boykin also relies on the Supreme Court's decision in *Dean*. Therein, the defendant was charged with, among other crimes, two counts of robbery and two counts of possessing and aiding the possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c). 137 S. Ct. at 1174. Section 924(c) mandates that its sentence be imposed in addition to the punishment for the predicate crime; a first-time offender receives a five-year mandatory minimum, and a subsequent conviction carries an additional twenty-five year mandatory minimum. *Id*. (citing 18 U.S.C. § 924(c)(1)(A)(i), (C)(i)). Dean faced a thirty-year mandatory minimum, in addition to any sentence received for his other counts of conviction. *Id*. at 1175.

The district judge sentencing Dean believed that he was required to disregard this mandatory minimum when determining the appropriate sentence for Dean's other counts of conviction. *Id*. While the judge believed that thirty years and one day was more than sufficient for Dean's actions, he thought that the other counts, viewed on their own, plainly warranted sentences longer than one day. As such, he sentenced Dean to concurrent sentences of forty months for his non-§ 924(c) convictions, resulting in a total sentence of 400 months.

The Supreme Court reversed, explaining that § 924(c)'s language "simply requires any mandatory minimum under § 924(c) to be imposed 'in addition to' the sentence for the predicate

offense, and to run consecutively to that sentence. Nothing in those requirements prevents a sentencing court from considering a mandatory minimum under § 924(c) when calculating an appropriate sentence for the predicate offense." *Id*. at 1178.

Most recently, in *United States v. Davis*, the Supreme Court returned to its ruling in *Johnson* to consider the constitutionality of § 924(c), which "threaten[ed] long prison sentences for anyone who uses a firearm in connection with certain other federal crimes." 139 S. Ct. 2319, 2323, 204 L. Ed. 2d 757 (2019). Specifically, the statute provides, in relevant part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime … for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime (i) be sentenced to a term of imprisonment of not less than 5 years; (ii) if the firearm was brandished, be sentenced to a term of imprisonment of not less than 7 years; and (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Applying the rationale from *Johnson*, the Supreme Court in *Davis* concluded that the residual clause was unconstitutionally vague as to its use of the language "crime of violence" in violation of due process and separation of powers principles. *Davis*, 139 S. Ct. at 2325–36 (citing 18 U.S.C. § 924(c)(3)[1]).

Boykin's conviction under § 924(c) remains undisturbed by *Dimaya and Davis* because his § 924(c) conviction involved the possession of weapons and firearms in furtherance of a drug trafficking crime, not in furtherance of a crime of violence. Courts have consistently held that

---

[1] 18 U.S.C. § 924(c)(3) provides that, "For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

drug trafficking crimes do not raise residual clause issues and remain valid after *Johnson* and its progeny of cases.[2] *See United States v. Chappell*, No. 1:14-cr-00341, 2020 WL 2812726, at *4 (N.D. Ohio May 28, 2020) (collecting cases); *United States v. Flowers*, No. 1:14-cr-341, 2020 WL 606706, at *2 (N.D. Ohio Feb. 6, 2020) (collecting cases); *Franklin v. United States*, No. 3:14-cr-46, 2020 WL 1919237, at *3–4 (E.D. Tenn. Apr. 20, 2020) (noting defendant was convicted and sentenced under 18 U.S.C. 924(c)(1)(A)(i) for possession of a firearm in furtherance of a *drug trafficking crime*, not a "crime of violence" and underscoring that, "[a]gain, *Dimaya* addressed "crime[s] of violence," not drug trafficking crimes.) (emphasis in original); *Bell v. United States*, No. 06-0179, 2020 WL 2217255, at *3 (D. Md. May 7, 2020) ("The definition of a 'drug trafficking crime' does not contain the residual clause language that has been found unconstitutionally vague in *Johnson*, *Dimaya*, and *Davis*.")

Nor does the decision in *Dean* provide Boykin relief. Courts have held that the ruling in *Dean*, which concerned the district court's discretion in imposing sentence for a predicate offense, involves a non-retroactive procedural rule that is not available on a § 2255 motion.[3] *See, e.g., United States v. Andrews*, No. 10-cr-20397, 2019 WL 2266833, at *3  (E.D. Mich. May 28, 2019) ("every federal court that has ruled on this issue has held that *Dean* does not announce a new rule of law that was made retroactive to cases on collateral review") (collecting cases) (further quotation marks and citation omitted).

Boykin's conviction of using a firearm during and in connection with a drug trafficking

---

[2] Boykin also asks the Court to take judicial notice of *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019). (*See* Doc. No. 36.) Like *Dimaya* and *Davis*, *Simms* involved a conviction under § 924(c) for a "crime of violence," namely Hobbs Act robbery. For all of the same reasons, *Simms* is equally inapposite.

[3] Additionally, Boykin does not allege that the Court erred imposing a sentence for the predicate drug trafficking offense in Count 1, nor would *Dean* support such an argument.

crime in violation of 18 U.S.C. § 924(c)(1)(A) is valid, as is the mandatory minimum consecutive sentence that was imposed for that crime. Therefore, his first ground for relief is denied.

### B.    Ineffective Assistance of Counsel

Boykin grounds his second claim in the Sixth Amendment right to effective assistance of counsel. To make out a claim of ineffective assistance, a prisoner must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment, and that counsel's errors were so serious as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *United States v. Hanley*, 906 F.2d 1116, 1120–21 (6th Cir. 1990); *Flippins v. United States*, 808 F.2d 16, 18 (6th Cir. 1987). To prevail on a claim of ineffectiveness, a prisoner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. *Strickland*, 466 U.S. at 687–88; *see also Williams v. Taylor*, 529 U.S. 362, 390–91, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).

A criminal defendant is entitled to effective assistance of counsel during the plea and sentencing process. *See Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). In the context of a guilty plea, an attorney provides ineffective assistance by performing outside "the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). While Boykin does not have to demonstrate that he would have prevailed at trial, a defendant alleging ineffective assistance of counsel in connection with his guilty plea must establish both deficient

9

performance and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (quotation marks and citations omitted); *see Griffin v. United States*, 330 F.3d 733, 737 n.1 (6th Cir. 2003).

"Judicial scrutiny of counsel's performance must be highly deferential[.]" *Strickland*, 466 U.S. at 689. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id*. Counsel's performance must be evaluated from the perspective existing at the time of the representation, not from the perspective of hindsight. *Id*.

Boykin claims that his trial counsel provided ineffective assistance when he failed to challenge the validity of Count 3, which charged a violation of 18 U.S.C. § 924(c), possessing a firearm in furtherance of a drug trafficking crime. He asserts "[c]ounsel did not properly advise [him] when he told him to plea[d] to a violation of § 924(c) when at most, the conduct in question only constitutes a violation of § 924(g)." (Mot. at 204, 206.) Boykin insists he was "surprised at sentencing" when he was sentenced to 60 months on Count 3 because "he had informed [c]ounsel that he never used or possessed a firearm in furtherance of a drug trafficking crime" and he would never have agreed to enter a plea and would have proceeded to trial. (*Id*. at 207.) His allegations find no support in the record.

At the outset, it is important to note that the Superseding Indictment charged Boykin in Count 3 with "knowingly carrying firearms … and ammunition, during and in relation to a drug trafficking crime…." (SI at 42 [charging a violation of 18 U.S.C. § 924(c)(1)(A)].) Boykin then pled guilty, without a plea agreement, to the specific charges contained in the Superseding

Indictment. During the plea colloquy, and before accepting the guilty plea, the Court carefully reviewed with Boykin the nature and elements of each offense to which he was pleading guilty, including Count 3. Specifically, as to Count 3, the Court colloquy was as follows:

> THE COURT: And then finally, Count 3, carrying firearms during or in relation to a drug trafficking crime, the elements are as follows:
>
> ***
>
> That you committed a drug trafficking crime as charged which may be prosecuted in a court of the United States; that you knowingly possessed a firearm; and that your possession of the firearm was in furtherance of the crime as charged.
>
> So do you understand these three elements that the government would be required to prove in order to prove you guilty of Count 3 of the superseding indictment?
>
> [BOYKIN]: Yes.
>
> THE COURT: And do you further understand that these would be the elements to which you would be pleading guilty should you enter a plea of guilty to Count 3 today?
>
> [BOYKIN]: Yes.

(Doc. No. 38 (Change of Plea Hearing Transcript ["COP TR"] at 270–71.)

The Court also reviewed the penalties for each offense and emphasized that the mandatory 5-year (or 60-month) sentence for Count 3 must run consecutive to the sentence for the other counts. Specifically, as to Count 3, the Court advised Boykin as follows:

> THE COURT: Now, with respect to this consecutive prison term, do you understand what that means, the work "consecutive"?
>
> [BOYKIN]: Yes.
>
> THE COURT: What do you understand that to mean?
>
> [BOYKIN]: That it's where time is ran while actually, like it's two –
>
> THE COURT: One right after the another (sic). In other words, you can't run them at the same time. One –

[BOYKIN]: Follow behind.

THE COURT: -- term of imprisonment must run followed by another term of imprisonment.

[BOYKIN]: Yes.

THE COURT: Okay. So you understand that, for instance, whatever term of imprisonment you get for the other counts, the five-year term for Count 3 must run consecutive to that?

[BOYKIN]: Yes.

THE COURT: After that. Understood?

[BOYKIN]: Yes.

(COP TR at 261.)

When reviewing examples of possible sentencing scenarios during the change of plea hearing, the following exchanges took place:

MS. BARR: Your Honor, I potentially estimated his criminal history category as V with 11 criminal history points.

The guideline calculations I believe would result in a 17 after three level for acceptance of responsibility, if he continues to accept responsibility.

So that would put him roughly at a 46- to 57-month sentence plus the consecutive 60-month sentence.

THE COURT: All right. So let's just, by way of example, take the estimate. And we cannot know for sure what the guideline sentence will be until the Court has done its final calculation.

But let's say your offense level starts at a 20.

***

And let's say, hypothetically, that your criminal history category does turn out to be a V.

Can you tell the Court what the guideline range would be under that scenario?

12

      \*\*\*

[BOYKIN]: 63 to 78 months.

THE COURT: Perfect, yeah. Exactly.

And then that's the guideline range for the Counts 1 and 2. And then, as Assistant United States Attorney Barr indicated, then the 60-month term of imprisonment for Count 3 would have to run consecutive to that.

Do you understand that?

[BOYKIN]: Yes.

(COP TR at 15–16.) Boykin's suggestion that he first learned at sentencing that he was being sentenced for using and possessing a weapon in furtherance of drug trafficking crimes, and that the sentence would be 60 months to run consecutively to his sentence for the other two counts, rings hollow.

    Further, at sentencing, in an effort to ensure that Boykin understood the nature of all three counts to which he pleaded guilty, the Court revisited the discussion regarding the nature of the charged offenses with Boykin:

THE COURT: You entered a plea to three separate counts in this case, and we— and I want to make sure you understood and understand the nature of all those counts. Do you, in fact?

[BOYKIN]: Yes.

THE COURT: I guess do you stand by your plea?

[BOYKIN]: Yes.

THE COURT: Relative to all three of those counts?

[BOYKIN]: Yes.

(Doc. No. 26 (Sentencing Hearing Transcript ["TR"]) at 168–69.) Following this exchange, the Court directed Boykin to review paragraphs 6 through 9 of the Presentence Investigation Report

13

("PSR") to ensure that Boykin had no objection to any of the information contained therein. In particular, paragraph 7 provided that, on the night in question, Boykin was providing protection for Anderson and his drug trafficking activities, as a result of a prior attempt on Anderson's life. (Doc. No. 18 (PSR) ¶ 7.) Paragraph 8 provided that, during interviews with the Akron Police Department and the FBI, Boykin admitted to possessing two firearms and ammunition.[4] (*Id.* ¶ 8.) After affording Boykin sufficient time to re-read[5] the relevant portions of the PSR, the Court had the following exchange with Boykin:

> THE COURT: Do you disagree with anything contained in those paragraphs?
>
> [BOYKIN]: No.
>
> ***
>
> [BOYKIN]: I agree to what's in here. Its just that as far as someone saying that I had the gun while I was drug trafficking, that's not the case. That's – I had –I went and sold drugs, but I did not have my gun with me. When I came – that's what I was trying to say. When I came back – I accept everything that's on this paper [the PSR] but I just wanted to still speak out, you know, how I feel, too, and what really happened that day.
>
> THE COURT: Look at paragraph 7, and I guess I need to know. Do you agree with everything that's contained in paragraph 7, in particular?
>
> [BOYKIN]: Yes.

(TR at 179–80.)

Again, the record belies Boykin's claim that he was "surprised" at sentencing when he was sentenced to a custody term of 60 months on Count 3 to run consecutively to the custody

---

[4] In addition, paragraph 9 provided that the firearms Boykin admitted to possessing, as well as a backpack containing drugs, were located in the vehicle used by Boykin and Anderson. (*See id.* ¶ 9.)

[5] At the beginning of the sentencing hearing, Boykin advised the Court that he had reviewed the final PSR before coming to court that day. (TR at 126.)

14

term for Courts 1 and 2. Moreover, because Boykin repeatedly acknowledged in open court the factual predicate that would have supported a charge under § 924(c)(1)(A)—the use of weapons in furtherance of drug trafficking activities—his counsel cannot be considered ineffective for failing to either challenge Count 3 by way of a motion or for failing to advise him to go to trial on this count. *See generally Hoffner v Bradshaw*, 622 F.3d 487, 499 (6th Cir. 2010).

Boykin is unable to demonstrate that his attorney was not performing as the counsel guaranteed by the Sixth Amendment, and, therefore, his ineffective assistance of counsel ground does not entitle him to relief from his sentence.

### IV. CONCLUSION

For the foregoing reasons, Boykin's motion to vacate, set aside, or correct his sentence (Doc. No. 31) denied. Further, the Court certifies, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 17, 2021

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**